UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>HAKIM MOHAMMED WILLIAMS,<br><br>　　　　Defendant/Petitioner. | Case No. 2:98-cr-0309-KJD-RJJ-2<br>Related Case: 2:16-cv-1486-KJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

　　　Before the Court is Plaintiff United States of America's Motion for Reconsideration (#339). Defendant filed a response (#340) to which Plaintiff replied (#341).

I.　　Legal Standard

　　　A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of the final judgment. See Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified twenty-eight-day period. See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).[1] Otherwise, the motion is treated as a Rule 60(b) motion for relief from judgment or order. See

---

[1] In 2009, Rule 59(e) was amended to change the time for filing a Rule 59 (e) motion from ten to twenty-eight days.

id.

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. See School Dist. No. 1J., 5 F.3d at 1263. In this case, the Court's order (#335) granted in part and denied in part Defendant's Motion to Vacate Conviction and Sentence (#260). Plaintiff filed its motions to reconsider within the twenty-eight-day period, therefore it is timely and considered a Rule 59(e) motion.

II.     Analysis

The government argues that reconsideration is proper because the Court committed clear error. There is no argument that the previous decision was manifestly unjust or that there has been an intervening change in controlling law.

The government alleges two clear errors that the Court made. First, the Court should have found that California voluntary manslaughter is a serious violent felony because 18 U.S.C. § 3559(c)(2)(f)(i) contains an enumerated clause, and following the progeny of cases interpreting 18 U.S.C. § 16 is wrong because it does not contain an enumerated clause. However, the government does not provide binding authority to support its proposition that California voluntary manslaughter is a serious violent felony under Section 3559. The cases cited by the government interpret clauses of the sentencing guidelines, and not Section 3559 or other statutes. The Court relied on cases that interpret crimes of violence in the context of 18 U.S.C. § 16, another statute in the same code title. This difference in the application of persuasive authority

between the Court and the petitioner does not constitute clear error.

Second, the government contends that the Court committed clear error when it found that because California voluntary manslaughter can be committed with a *mens rea* of recklessness, it is not a categorical match to the generic federal offense. The government argues that the Ninth Circuit has ruled that California voluntary manslaughter "matches the generic definition of 'manslaughter' and is, therefore, categorically a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii)." United States v. Rivera-Muniz, 854 F.3d 1047, 1053. Again, this case interprets the definition in terms of the sentencing guidelines, not in terms of Section 3559. As stated in the original order, there are other Ninth Circuit cases that hold that voluntary manslaughter is not a categorical match when applied to other code sections. Additionally, this case was not relied upon by the government in its argument until the motion for reconsideration and the Court's lack of reliance on it does not constitute clear error.

Because the government has not met its burden to show why this extraordinary remedy should be granted and there is no evidence of clear error, reconsideration is improper.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (#339) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Sur Reply (#342) is **DENIED**.

Dated this 28th day of September, 2020.

_____
Kent J. Dawson
United States District Judge