CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
SUPRIYA PRASAD
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
supriya.prasad@usdoj.gov
*Attorneys for the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HAKIM MOHAMED WILLIAMS,<br><br>　　　　　　　Defendant. | Case No. 2:98-cr-00309-KJD-RJJ<br><br>**Government's Motion for Hearing to Determine Defendant's Competency** |

### I.　　INTRODUCTION

Pursuant to Title 18, United States Code, Section 4241, the United States respectfully moves for a hearing to determine defendant Hakim Mohamed Williams' competency. The government further requests that, prefatory to the hearing, the Court order a psychiatric or psychological examination of the defendant pursuant to Title 18, United States Code, Section 4247.

### II.　　PROCEDURAL BACKGROUND

On October 20, 2020, Hakim Mohamed Williams was sentenced to 322 months to be followed by a five-year term of supervised release. ECF No. 350. He commenced supervision on February 17, 2022. ECF No. 360. On March 2, 2022, a petition seeking a warrant was filed alleging that Williams had violated terms of his supervised release. Specifically, the petition

1

alleged that Williams had failed to report to Probation following his release and failed to provide Probation with an address. *Id.* The Petition noted that Williams told his Probation Officer that he would live in "one of the 50 cities" in the United States, but refused to provide any specific details or addresses. *Id.*

Williams was arrested in the Central District of California on March 24, 2022, and he made his initial appearance on March 25, 2022, in front of Magistrate Judge Michael R. Wilner. *United States v. Hakim Williams*, Case No. 2:22-mj-001205, ECF No. 5. That day, Williams indicated that he did not want to be represented by the Office of the Public Defender. He further claimed that he was a citizen of the United Kingdom and requested that he be appointed a Barrister to represent him. The initial appearance was continued to April 1, 2022, so that Williams could seek counsel of his choice and so that the government could notify the British consulate that it arrested an individual claiming to be of British origin. *Id.* However, per William's Presentence Report, Williams is an American citizen by birth.

On April 1, 2022, Williams again appeared for his initial appearance in front of the Honorable Michael R. Wilner. That day, he claimed that he was the oldest nephew of Queen Elizabeth II and cited contributions that he made to the "English dictionary" at the behest of the Queen as evidence of his British citizenship. When asked if he understood why he was brought to Court, Williams responded that it was because his residence was incorrectly identified as being in Nevada.

Judge Wilner ordered a competency evaluation to be completed by April 18, 2022. However, the Bureau of Prisons has requested that an order for a competency evaluation be entered by a district court judge. As such, the government now comes before this Court to request an order for a competency evaluation and hearing.

///

### III.   POINTS AND AUTHORITIES

Pursuant to 18 U.S.C. § 4241, at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the government may file a motion for a hearing to determine the mental competency of a defendant. 18 U.S.C. § 4241(a). In addition, the Court may order that a psychiatric or psychological examination of the defendant be conducted and that a psychiatric or psychological report be filed with the court. 18 U.S.C. § 4241(b). Pursuant to Section 4247, such a report may include (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's finding; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist in his defense. 18 U.S.C. §§ 4247(c)(1)-(c)(4)(A).

The court shall grant such a motion or shall order such a hearing on its own motion if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). "A due process evidentiary hearing is constitutionally compelled at any time there is 'substantial evidence' that the defendant may be mentally incompetent." *Moore v. United States*, 464 F.2d 663, 666 (9th Cir. 1972) (per curiam) (citing *Pate v. Robinson*, 383 U.S. 375 (1966) (emphasis added)). "'Evidence' encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court." *Id.*

1      Here, the Court should order a 4241 hearing to occur in the Central District of California

2 prior to any further proceedings because there is substantial evidence to raise a bona fide doubt

3 about Williams' competence. After Williams made repeated bizarre statements in court,

4 Magistrate Judge Wilner ordered a competency evaluation, clearly believing that Williams may

5 suffer from a mental disease or defect that renders him incompetent. The government is not

6 contending, or conceding, that Williams is in fact incompetent or that he, in fact, suffers from a

7 mental disease or defect that renders him incompetent; it seeks only a hearing for a

8 determination of Williams' competency.

9      In connection with obtaining the examination under Section 4241, Section 4247 provides

10 that, the Court "may commit [the defendant] . . . to the custody of the Attorney General for

11 placement in a suitable facility" for a reasonable period, not to exceed thirty days, such that the

12 defendant may be examined by "a licensed or certified psychiatrist or psychologist. 18 U.S.C. §

13 4247(b). Williams is presently temporarily detained during his ongoing initial appearance;

14 however, the government further moves for an Order that the defendant be committed to the

15 Attorney General so that Williams may be examined by a licensed or certified psychiatrist or

16 psychologist to determine his competency.

17 \\\

18 \\\

19 \\\

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion and enter an order (1) committing the defendant to the custody of the United States Attorney General for a psychological or psychiatric examination conducted in accordance with the requirements of Section 4247(b); (2) requiring the psychological or psychiatric examiner to file a report with the Court in accord with the requirements of Section 4247(c); and (3) upon receipt of the report, setting a competency hearing in the Central District of California under Sections 4241(a) and 4247(d).

DATED: April 13, 2022.

CHRISTOPHER CHIOU
Acting United States Attorney

*/s/ Supriya Prasad*
SUPRIYA PRASAD
Assistant United States Attorney
District of Nevada

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HAKIM MOHAMED WILLIAMS,

        Defendant.

Case No. 2:98-cr-00309-KJD-RJJ

**PROPOSED ORDER**

Pursuant to 18 U.S.C. § 4241(a), the government has requested that the Court issue an order pursuant to 18 U.S.C. § 4241(b) requiring that an examination of the defendant be conducted, and that a report be filed with the court, pursuant to the provisions of Section 4247(b) and (c). The Court, having considered all pleadings, arguments, and premises advanced by the parties, GRANTS the government's motion.

Therefore, it is ORDERED as follows:

    1.    The defendant is hereby committed to the custody of the Attorney General for placement in a suitable facility for the conduct of a psychological examination of the defendant to determine whether there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    2.    That the psychological examination of defendant be conducted by the Federal Bureau of Prisons pursuant to 18 U.S.C. § 4241(b).

    3.    That the Federal Bureau of Prisons is to submit a report to the Court regarding the results of the examination pursuant to 18 U.S.C. § 4241(c) and §4247(c) on or before _____.

4. That pursuant to 18 U.S.C. § 4241(d), the Court will hold a hearing on June 7, 2022 at 9:30 a.m. to determine whether there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

IT IS SO ORDERED

DATED this 9th day of May 2022.

_____
HONORABLE KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

2